UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEIDRE Y. KELLY,
    Plaintiff,

vs

CINCINNATI CHILREN'S HOSPITAL
MEDICAL CENTER, et al.,
    Defendants.

Case No. 1:13-cv-910

Spiegel, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

    Plaintiff, who resides in Cincinnati, Ohio, has filed a *pro se* complaint. (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

    Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise

to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

2

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against the Cincinnati Children's Hospital Medical Center (CCHMC) and Punam Malik, a doctor employed at CCHMC. (Doc. 1, Complaint). Plaintiff alleges that she was "employed at CCHMC from June 11, 2012 until April 23, 2013 when she was terminated from her employment." (*Id.*, p. 2). She states that when she was initially evaluated after three months of employment, she received "positive" feedback regarding her performance from her "Administrative Manager," Kristie Gilb, and defendant Malik. (*Id.*). Plaintiff claims that in January 2013, at the end of her 180-day probationary period at CCHMC, her relationship with defendant Malik "began to deteriorate due to . . . Malik's hostile behavior towards [her]." (*Id.*, p. 3). Plaintiff notified Gilb "of the incidents with . . . Malik" and expressed a "desire to have her 180-day evaluation completed so she could change departments." (*Id.*). Nearly three months after the completion of her probationary period, plaintiff was advised that Malik "wanted to add an additional ninety (90) days to [the] probationary period." (*Id.*). Plaintiff told Gilb that she did not agree with the 90-day extension of her probationary employment status. (*Id.*). She also disputed the allegations contained in Malik's performance evaluation dated February 15, 2013, which she claims "was full of inaccuracies and false information." (*Id.*). On April 23, 2013, plaintiff "received termination papers from CCHMC stating the reason for termination was Plaintiff did not successfully pass the probationary period and poor work performance." (*Id.*). Plaintiff alleges that "at no time during her employment was she given a Corrective Action Plan or Employee Warning Notice prior to her termination." (*Id.*, p. 3). She further avers that, as a result of her termination based on "false and erroneous statements, she has been wrongly placed on a 'no hire' list maintained by CCHMC, which prevents [her] from applying [for] other positions with CCHMC and CCHMC's affiliates." (*Id.*,

3

p. 5).

Plaintiff asserts a claim of "hostile work environment," which she alleges was created by Malik and which CCHMC knew about but failed to take action to stop. (*Id.*, p. 4). Plaintiff further claims that she was terminated in retaliation for complaining about Malik's behavior and rebutting the "false allegations" lodged against her by Malik. (*Id.*). Finally, she asserts claims sounding in "wrongful termination" and "defamation of character." (*Id.*, p. 5). As relief, plaintiff requests reinstatement of her employment at CCHMC "with back pay and benefits," as well as an award of compensatory and punitive damages. (*Id.*, p. 6).

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, it appears clear from the face of the complaint that plaintiff is not invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a). Even if she had, the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and the named defendants are domiciled in Ohio. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*,

4

481 U.S. 58, 63 (1987). In this case, the undersigned is unable to discern from the facts alleged in the complaint, any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

Plaintiff has stated in the complaint that she is seeking redress for violations of the United States Constitution and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*. (*See* Doc. 1, Complaint, p. 1). However, plaintiff's allegations are insufficient to give rise to any inference that the termination of her at-will employment at CCHMC implicates constitutional concerns. Moreover, plaintiff's allegations are insufficient to state a claim of a violation of Title VII, which makes it unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff's complaint contains no allegations even remotely suggesting that the termination of her employment at CCHMC was based on her race, color, religion, sex or national origin. Therefore, Title VII is inapplicable to the case-at-hand.

In any event, even assuming plaintiff had stated a viable Title VII claim, such claim is subject to dismissal because plaintiff has not shown that she exhausted her administrative remedies prior to filing suit in federal court. Before plaintiff can bring a Title VII action in federal court, she must satisfy "two administrative prerequisites" by (1) filing timely charges of employment discrimination with the Equal Employment Opportunity Commission (EEOC), and (2) receiving and acting upon the EEOC's statutory notices of the right to sue. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citing *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)) (other citations omitted). These requirements exist "so that the EEOC will have an opportunity to convince the parties to enter into voluntary

5

settlement, which is the preferred means of disposing of such claims." *Randolph v. Ohio Dep't of Youth Services*, 453 F.3d 724, 731-32 (6th Cir. 2006) (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). "Where the plaintiff files suit prior to receiving the right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies." *Mitchell v. Chapman*, 343 F.3d 811, 820 n.10 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Plaintiff has neither alleged that she exhausted her administrative remedies nor presented any evidence that she received a notice of right to sue from the EEOC before filing this action. In the absence of any such allegations or evidence, her Title VII claims must be dismissed.

Finally, pendent jurisdiction under 28 U.S.C. § 1367 should not be exercised to consider any state-law claims that are alleged in the complaint because plaintiff has failed to state a federal claim for relief. *See United States Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)) ("If the federal claims are all dismissed before trial, the state claims generally should be dismissed as well.").

Accordingly, in sum, the Court concludes that plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) [1] and, alternatively, for failure to state a claim upon which relief may be granted by this Court. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell*, 343 F.3d at 821 n.10. [2]

---

[1] Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *See Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999). However, the dismissal is no bar to refiling the suit in state court.

[2] It is noted that under the circumstances of this case, plaintiff's Title VII claim is dismissed for failure to state a claim for relief, and not for lack of subject matter jurisdiction. *See Mitchell*, 343 F.3d at 821 n.10.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Plaintiff remains free, however, to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/20/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEIDRE Y. KELLY,
    Plaintiff,

vs

CINCINNATI CHILDREN'S HOSPITAL
MEDICAL CENTER, et al.,
    Defendants.

Case No. 1:13-cv-910

Beckwith, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

cbc